COMMONWEALTH *vs.* HENRI B. YATES. October 30, 1975. The defendant was indicted for receiving stolen goods and convicted after a trial held subject to the provisions of G. L. c. 278, §§ 33A-33G. The defendant contends that the cumulative effect of a number of errors (none of them significant when considered by itself) allegedly made by the judge during the course of the trial and in the charge, was to deny him a fair trial. Of the errors now advanced, only the exclusion of a question by defense counsel on redirect examination of a defense witness was the subject of an exception. No offer of proof was made after the judge excluded the question. Without an offer of proof there is nothing in the record to show that there was prejudicial error in excluding the question. *Commonwealth* v. *Kleciak,* 350 Mass. 679, 693 (1966). Moreover, as the question was asked on redirect examination and was not within the scope of matters testified to on cross-examination, it was within the discretion of the judge to exclude it. *Commonwealth* v. *Galvin,* 310 Mass. 733, 748 (1942). *Commonwealth* v. *Barnes,* 2 Mass. App. Ct. 357, 362 (1974). The remaining assignments of error, not being based on exceptions, bring nothing before this court. *Commonwealth* v. *Daniels,* 364 Mass. 829 (1973). We have examined the transcript and the charge as a whole and conclude that there is no "substantial risk of a miscarriage of justice" (*Commonwealth* v. *Freeman,* 352 Mass. 556, 564 [1967]) which requires us to pass on those actions of the judge to which no exceptions were taken. See *Commonwealth* v. *Stout,* 356 Mass. 237, 243 (1969).

*Judgment affirmed.*

*Michael D. Cutler* for the defendant.
*Frances M. Burns,* Assistant District Attorney, for the Commonwealth.